United States District Court
Southern District of Texas
**ENTERED**
November 01, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:14-CR-96-4 |
| | § | |
| ARTURO GARCIA; aka GARCIA | § | |

## MEMORANDUM OPINION & ORDER

Defendant/Movant Arturo Garcia filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. D.E. 213. Now pending before the Court is the United States' motion to dismiss (D.E. 222), to which Movant has not responded. For the reasons set forth below, the Government's motion to dismiss is granted, and Movant's § 2255 motion is denied.

**I. Background**

On March 28, 2014, Movant pled guilty to conspiracy to export firearms in violation of 18 U.S.C. §§ 371 and 554. The Presentence Investigation Report (PSR) assigned Movant a base offense level of 26. After credit for acceptance of responsibility, his total offense level was 23. With a criminal history category of I, his advisory guideline range was 46 to 57 months' imprisonment. At sentencing, the Court adopted the findings of the PSR and sentenced Movant to 46 months. Judgment was entered on June 29, 2014. Movant did not appeal.

Movant filed the present motion on July 14, 2016, asserting relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015). It is timely. *See* 28 U.S.C. § 2255(f)(3).

**II. Legal Standard**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992). "Moreover, a defendant 'may not raise an issue [constitutional or jurisdictional in nature] for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error.'" *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994) (quoting *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991) (en banc)).

**III. Movant's Allegations**

Without any explanation or argument, Movant claims he is entitled to relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015), which "applies to all career offenders" and is "retroactive to cases with enhancements for firearms offenses." D.E. 213, p.5.

**IV. Analysis**

Under the Armed Career Criminal Act (ACCA), a person who possesses a gun in violation of 18 U.S.C. § 922(g) after sustaining three prior convictions for a "serious drug

offense" or "violent felony" faces a minimum prison term of 15 years and a maximum of life. 18 U.S.C. § 924(e)(1). The ACCA defines the term "violent felony" to mean any felony that: (i) "has as an element the use, attempted use, or threatened use of physical force against the person of another;" (ii) "is burglary, arson, or extortion, [or] involves use of explosives," or "*otherwise involves conduct that presents a serious potential risk of physical injury to another.*" 18 U.S.C. §924(e)(2)(b) (emphasis added). The preceding italicized text—also known as the "residual clause"—was declared unconstitutionally vague by the Supreme Court in *Johnson v. United States*, 135 S.Ct. 2551, 2563 (2015).

Movant was not convicted of violating 18 U.S.C. § 922(g), and he was not sentenced pursuant to the ACCA. Neither of the statutes under which he was convicted contains a "residual clause" analogous to the clause held unconstitutional in *Johnson*, nor does the Sentencing Guidelines provision under which he was sentenced, U.S.S.G. § 2M5.2(a). Thus, *Johnson* has no effect on Movant's sentence.

## V. Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c) (1)(A). Although Movant has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a certificate of appealability (COA). *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may sua sponte rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and

argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483–84).

Based on the above standards, the Court concludes that Movant is not entitled to a COA—that is, reasonable jurists could not debate the Court's resolution of his claims.

## VI. Conclusion

For the foregoing reasons, the Government's motion to dismiss (D.E. 222) is **GRANTED**, and Movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 213) is **DENIED**. Additionally, Movant is **DENIED** a Certificate of Appealability.

ORDERED this 31st day of October, 2016.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE